IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Francia S Small | ) | No.  20-3439 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

PL**EASE TAKE NOTICE** that on September 9, 2020, at 10:00 AM, I will appear before the Honorable Jack B. Schmetterer, or any judge sitting in that judge's place, and present the INTERCOASTAL EQUITY, LLC'S MOTION TO VACATE ORDER CONFIRMING CHAPTER 13 PLAN (DOCKET 35) FOR LACK OF DUE PROCESS AS TO INTERCOASTAL EQUITY, LLC, which time you may appear if you so choose.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

BY:/s/Paul M. Bach
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Francia S Small | ) | No. 20-3439 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

INTERCOASTAL EQUITY, LLC'S MOTION TO VACATE ORDER CONFIRMING CHAPTER 13 PLAN (DOCKET 35) FOR LACK OF DUE PROCESS AS TO INTERCOASTAL EQUITY, LLC

NOW COMES, Intercoastal Equity, LLC ("Creditor"), by its attorney, Paul M. Bach of Bach Law Offices, Inc. and pursuant to Federal Rule of Bankruptcy Procedure 9024(b)(4) (Federal Rule of Civil Procedure 60(b)(4), hereby moves (the "Motion") to Vacate the Order Confirming the Chapter 13 Plan (Docket 90) for lack any notice or Due Process to Intercoastal Equity, LLC and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on February 6, 2020.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an ownership interest in the real estate commonly known as 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000.  However, as detailed below, the Debtor did not list movant's address in her Bankruptcy Petition or his Bankruptcy Schedules (and as a result no notice was provided) nor served Movant the confirmed Chapter 13 Plan (or any other of the proposed Chapter 13 Plans.  Lack of notice is especially egregious as Debtor and her counsel were served with the Petition for Tax Deed in a prior case and as a result intentionally choose to not provide

notice. Debtor provided no notice to Movant depriving Movant of due process in this Bankruptcy Case and all orders which bind movant including but not limited to Confirmation (Docket 35) should be vacated as to Intercoastal Equity, LLC.

The Tax Sale

3. The real property in question is located at 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000 (the "Property").

4. Prior to the Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to Cook County for the Property for the 2015 tax year in the amount of $3,657.81 (the "2015 Taxes").

5. On April 5, 2017, Intercoastal Equity, LLC purchased the delinquent 2015 Taxes at the Cook County Collector's annual tax sale (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale.  A copy of the Certificate is included as an Exhibit.

6.  The amount of the Tax sale was $4,535.79, which includes statutory interest on the 2015 Taxes and selling fees.

7. Upon purchasing the 2015 Taxes, Intercoastal Equity, LLC would have obtained a tax lien secured by the Property if proper notice was provided by the Debtor.  See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

8. Prior to this bankruptcy filing, the Debtor also failed to pay the first and second installments of property taxes for tax years 2016, 2017 and 2018 (both installments but only partial as to

the second installment)(collectively, the "Subsequent Taxes"). Intercoastal Equity, LLC paid the Subsequent Taxes and costs in accordance with the Property Tax Code.

9. Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in the Property was entitled to redeem the 2015 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Intercoastal Equity, LLC plus interest and various costs and fees at any time (the "Tax Claim") until two and a half years from the date of the initial tax sale, or by October 5, 2019 (the "Redemption Period").

10. Pursuant to 35 ILCS 200/22-30, Intercoastal Equity, LLC filed a Petition for Tax Deed in the Circuit Court of Cook County which was identified as case number 2019 CoTD 2270 (the "State Court Action"). Thereafter, and pursuant to 35 ILCS 200/22-15, Intercoastal Equity, LLC timely provided notice of the expiration date of the Redemption Period on February 6, 2020 to the Debtor and all persons with an interest in the Property.

11. The Debtor and the Debtor's counsel was served with notice of the Petition for Tax Deed during a prior Chapter Bankruptcy case.

12. Neither the Debtor nor any other party timely exercised its respective right to redeem the 2015 Taxes.

13. Intercoastal Equity, LLC only discovered this Bankruptcy Case within the last week from the Cook County Clerk when attempting to obtain the Order in Circuit Court to obtain a Tax Deed.

The Bankruptcy Case

14. As stated above, on February 6, 2020, the Debtor filed the above-captioned chapter 13 case (the "Case").

15. The Debtor did not provide notice to Movant of the claims bar date or chapter 13 plan. See [Dkt. Nos. 11, 12 & 33].

16. On July 1, 2020, the Court entered an order [Dkt. No. 35] confirming (the "Confirmation Order") the Debtor's Modified Chapter 13 Plan [Dkt. No. 32] (the "Plan").

17. The Plan and Confirmation Order do mention Movant and Movant was not given the opportunity to object to Confirmation as a result of the failure of due process notice by the Debtor to Movant.

18. This Motion is specifically an attack upon the confirmed Chapter 13 Plan as contemplated by the footnote 17 & 18 in *Lamont*. This Motion is an action not taken by the tax purchaser in *Lamont*. The Plan would never have been confirmed if Movant had been given proper notice as Movant would have filed an Objection to Confirmation in regards to Section 3.2 that dealt specifically with the property in question as well as feasibility issues regarding the Debtor's continued inability to pay plan payments as well as future real estate tax payments.

19. Not giving notice to Movant was simply an attempt to gain an advantage in this Chapter 13 case by not having a creditor who would object to Confirmation.

20. Movant has never received a single payment from the Debtor, or any other party, in payment of the Tax Claim. Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired. See 35 ILCS 200/22-40(a).

21. Therefore, as the Redemption Period and no notice of this proceeding had been provided, Movant proceeded to take the steps to prove up the Tax Deed.

<u>Argument</u>

22. On May 5, 2020 this Court entered the attached Memorandum Opinion on Motion to Vacate Order Confirming Plan in *In Re Deanna Williams*, 19 B 22007 (Docket 56).

(Bankr.N.D.Ill.2020) which is similar to the facts alleged in this Motion. In *Williams*, the Debtor attempted notice to an old address while in the case at bar no notice was provided at all. Movant incorporates the attached Memorandum Opinion into this Motion.

23. The Confirmed Chapter 13 Plan (Docket 32) and the Order Confirming Chapter 13 Plan (Docket 35) should be vacated.

24. Notice is being provided of this Motion to all Creditors and parties in interest.

WHEREFORE, Intercoastal Equity, LLC, respectfully requests that the Court: (i) vacate the Order Confirming the Chapter 13 Plan (Docket 35) for lack of notice and Due Process to Intercoastal Equity, LLC; (ii) Set a Hearing for a new Confirmation Hearing and Order the Debtor to provide notice of the pending Chapter 13 Plan of at least twenty one days as required by the Bankruptcy Rules; (iii) Order the Debtor to pay the attorney fees of the undersigned for bringing this Motion as a result of the blatant violation of Due Process in intentionally failing to give notice to a Secured Creditor; and (ii) grant such other just and appropriate relief.

> Respectfully Submitted,
> Intercoastal Equity, LLC
>
> BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808