IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Francia S Small | ) | No. 20-3439 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

### NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

PL**EASE TAKE NOTICE** that on September 9, 2020, at 10:00 AM, I will appear before the Honorable Jack B. Schmetterer, or any judge sitting in that judge's place, and present the **INTERCOASTAL EQUITY, LLC'S MOTION TO ANNUL THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO MODIFY THE AUTOMATIC STAY AS TO 10811 S. PRAIRIE, CHICAGO, ILLINOIS REGARDING PIN 25-15-313-003-0000**, which time you may appear if you so choose.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

BY:/s/Paul M. Bach
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

## **PROOF OF SERVICE**

      I, PAUL M. BACH certify that I served this notice and attached motion upon all parties named in this notice as stated on the attached service list by the method stated and if by first class US Mail with proper postage prepaid, in Northbrook, IL 60062 all on September 2, 2020.

/s/Paul M. Bach

SERVICE LIST

**Francia S Small**　　　　　　　　　　　　　　**BY FIRST CLASS US MAIL**
7604 S Hoyne Ave
Chicago, IL 60620

**David M Siegel**　　　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

**Tom Vaughn**　　　　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

**Patrick S Layng**　　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Francia S Small | ) | No.  20-3439 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

**<u>INTERCOASTAL EQUITY, LLC'S MOTION TO ANNUL THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO MODIFY THE AUTOMATIC STAY AS TO 10811 S. PRAIRIE, CHICAGO, ILLINOIS REGARDING PIN 25-15-313-003-0000</u>**

NOW COMES, Intercoastal Equity, LLC, by its attorney, Paul M. Bach of Bach Law Offices, Inc. and pursuant to 11 U.S.C. § 362(d)(1), hereby moves (the "Motion") to annul the automatic stay or in the alternative to modify the automatic stay as to the real property located at 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on February 6, 2020.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an ownership interest in the real estate commonly known as 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000.  However, as detailed below, the Debtor did not list movant's address in her Bankruptcy Petition or his Bankruptcy Schedules (and as a result no notice was provided) nor served Movant the confirmed Chapter 13 Plan (or any other of the proposed Chapter 13 Plans.  Lack of notice is especially egregious as Debtor and her counsel were served with the Petition for Tax Deed in a prior case and as a result intentionally choose to not provide notice.

3. The Debtor listed on Schedule A of her Bankruptcy Schedules that her deceased mother owned the real estate commonly known 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-

003-0000.  The ownership interest of the Debtor in 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000 is not evident based on the records of the Cook County Recorder of Deeds.  The last Deed recorded according to the Cook County Recorder of Deeds for 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000 was a Deed in Trust to Chicago Title and Trustee as Trustee for Trust 8002359066 on July 3, 2012.   Intercoastal Equity, LLC asserts that the Debtor has no interest in the real estate.

**The Tax Sale**

1. The real property in question is located at 10811 S. Prairie, Chicago, Illinois regarding PIN 25-15-313-003-0000 (the "Property").

2. Prior to the Debtor's bankruptcy filing, the Debtor failed to pay the property taxes owing to Cook County for the Property for the 2015 tax year in the amount of $3,657.81 (the "2015 Taxes").

3. On April 5, 2017, Intercoastal Equity, LLC purchased the delinquent 2015 Taxes at the Cook County Collector's annual tax sale (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale.  A copy of the Certificate is included as an Exhibit.

4. The amount of the Tax sale was $4,535.79, which includes statutory interest on the 2015 Taxes and selling fees.

5. Upon purchasing the 2015 Taxes, Intercoastal Equity, LLC would have obtained a tax lien secured by the Property if proper notice was provided by the Debtor.  See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

6. Prior to this bankruptcy filing, the Debtor also failed to pay the first and second installments of property taxes for tax years 2016, 2017 and 2018 (both installments but only partial as to the second installment)(collectively, the "Subsequent Taxes"). Intercoastal Equity, LLC paid the Subsequent Taxes and costs in accordance with the Property Tax Code.

7. Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in the Property was entitled to redeem the 2015 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Intercoastal Equity, LLC plus interest and various costs and fees at any time (the "Tax Claim") until two and a half years from the date of the initial tax sale, or by October 5, 2019 (the "Redemption Period").

8. Pursuant to 35 ILCS 200/22-30, Intercoastal Equity, LLC filed a Petition for Tax Deed in the Circuit Court of Cook County which was identified as case number 2019 CoTD 2270 (the "State Court Action"). Thereafter, and pursuant to 35 ILCS 200/22-15, Intercoastal Equity, LLC timely provided notice of the expiration date of the Redemption Period on February 6, 2020 to the Debtor and all persons with an interest in the Property.

9. The Debtor and the Debtor's counsel was served with notice of the Petition for Tax Deed during a prior Chapter Bankruptcy case.

10. Neither the Debtor nor any other party timely exercised its respective right to redeem the 2015 Taxes.

11. Intercoastal Equity, LLC only discovered this Bankruptcy Case within the last week from the Cook County Clerk when attempting to obtain the Order in Circuit Court to obtain a Tax Deed.

**The Bankruptcy Case**

12. As stated above, on February 6, 2020, the Debtor filed the above-captioned chapter 13 case (the "Case").

13. The Debtor did not provide notice to Movant of the claims bar date or chapter 13 plan. See [Dkt. Nos. 11, 12 & 33].

14. On July 1, 2020, the Court entered an order [Dkt. No. 35] confirming (the "Confirmation Order") the Debtor's Modified Chapter 13 Plan [Dkt. No. 32] (the "Plan").

15. The Plan does not mention Movant and only provides for payment of the real estate taxes to the Cook County Clerk. This Court has ruled in *In Re Thomas Thompson*, 19 B 6176 (Docket 106)(January 15, 2020)(Bankr.N.D.Ill.2020) that the proper payee in a Chapter 13 Plan is the Tax Purchaser or in this case Intercoastal Equity, LLC.

    In *Thompson*, this Court stated,

    Debtor's argument seems to be based on the fact that when bankruptcy is not involved, under Illinois law, a tax purchaser has no direct right to payment from the taxpayer but rather an indirect right to payment mediated by the county. *Id.* at 406. But, in terms of bankruptcy law, because the tax purchaser holds a right to: (1) payment from the property of the taxpayer; and (2) the county's equitable remedy against the property, the tax
    purchaser holds a claim against the debtors that may be treated in bankruptcy. *Id.* at 408-09. Therefore, Creditor is the holder of the claim and therefore has a secured *in rem* claim against Debtor's Property. *See LaMont,* 740 F.3d at 407 (holder of certificate of purchase has a secured claim against the property since the tax purchaser has a right to payment from the proceeds if the property is redeemed). In contrast, the Cook County Clerk's office merely holds a contingent proof of claim for the sold taxes (on a potential declaration of a sale in error or if the state court finds that the statutory requirements for a tax deed are not met). Accordingly, the proper party to be paid the Secured Tax Portion here would be Creditor, the tax purchaser.

16. Movant has never received a single payment from the Debtor, or any other party, in payment of the Tax Claim. Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired. See 35 ILCS 200/22-40(a).

17. Therefore, as the Redemption Period and no notice of this proceeding had been provided, Movant proceeded to take the steps to obtain and record a tax deed.

**Argument**

18. The Court should grant Movant annulment from the automatic stay as annulment is the proper remedy based on lack of notice and the Debtor has no interest in the property.

19. The Debtor has no interest in the property.

20. Tax purchasers like Movant hold a lien on the debtor's real property and are considered secured creditors in bankruptcy. *Lamont*, 740 F.3d at 404 (holding that purchasers of delinquent taxes hold tax liens under Illinois law). A chapter 13 plan must provide secured creditors "the value, as of the effective date of the plan, of property to be distributed under the plan" in an amount "not less than the allowed amount of such claim," including interest if the claim is paid over time. 11 U.S.C. § 1325(a)(5)(B);

21. In this case, the Plan does not "provide for" the secured Tax Claim as it provides for the Cook County Clerk and no notice was given to Movant when the Debtor and her counsel were both served with the Petition for Tax Deed during a prior bankruptcy case. The Plan based on feasibility (movant's unsecured claim of $133,859.96) has no possibility of Confirmation. The Plan makes no provision or reference to Movant. Nothing in the Plan mentions Movant. Even the Debtor's bankruptcy schedules are devoid of any reference to Movant. As such, Movant's lien in the Property would survive.

22. In any event, the Debtor failed to give Movant notice of the bankruptcy case or claims bar date.

23. Judge Wedoff stated in *In re Bates,* 270 B.R. 455, 467 (Bankr.N.D.Ill.2001):

However, § 362(d) of the Bankruptcy Code allows annulment of the automatic stay for cause, and under this provision, it is recognized that courts may grant retroactive relief from the stay

on equitable grounds. *National Environmental Waste Corp. v. City of Riverside (In re National Environmental Waste Corp.),* 129 F.3d 1052, 1054-55 (9th Cir.1997). In particular, annulment is appropriate where the creditor who took action in violation of the stay had no knowledge of the bankruptcy and would be unfairly prejudiced by stay enforcement. *See In re Lipuma,* 167 B.R. 522, 526 (Bankr.N.D.Ill.1994). The circumstances involving the application for issuance of a tax deed in this case plainly support stay annulment.

24. This Court in *In Re Linora Gonzalez*, 19 B 30761 (Docket 95) entered the attached opinion annulling the automatic stay with similar facts. In *Gonzalez*, the Debtor attempted no notice to any party for five months while in the case at bar no notice was provided at all. Movant incorporates the attached Memorandum Opinion into this Motion.

25. The 2019 first installment of real estate taxes in the amount of $1,542.67 is unpaid and delinquent. The 2019 second installment of real estate taxes in the amount of $1,185.91 is due and unpaid. These real estate taxes are post petition and require the Debtor to pay timely which the Debtor has not done so.

26. "Cause" exists to grant Movant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for the reasons stated including no interest of the Debtor in the property to continue to prosecute the State Court Action and obtain a deed to the Property.

WHEREFORE, Intercoastal Equity, LLC, respectfully requests that the Court: (i) grant Intercoastal Equity, LLC annulment from the automatic stay for "cause"; (ii) in the alternative grant Intercoastal Equity, LLC relief from the stay for "cause" and (ii) grant such other just and appropriate relief.

> Respectfully Submitted,
> Intercoastal Equity, LLC
>
> BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808